IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EDWARD COLOSKY, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:21-cv-572 |
| ) | |
| v. ) | |
| ) | |
| CHECKR, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES the plaintiff, EDWARD COLOSKY, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against CHECKR, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et. seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. EDWARD COLOSKY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Somerset, County of St. Croix, State of Wisconsin.

1

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

6. CHECKR, INC., (hereinafter, "Defendant"), is a business entity that provides employment screening services to various third parties.

7. Defendant is incorporated in the State of California and has its principal place of business located at 1 Montgomery St, Ste 2000, San Francisco, CA 94104.

8. At all relevant times Defendant was a "person" as that term is defined by 15 U.S.C. §1681a(b).

9. At all relevant times Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

10. At all relevant times, Defendant was acting by and through its agents, servants, and/or employees, who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

## IV. ALLEGATIONS

11. At all relevant times, "background reports" as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12. Among other things, the FCRA regulates the collection, maintenance and disclosure of consumer credit report information by consumer reporting agencies.

13. Among other things, Defendant sells consumer reports to employers who wish to screen job applicants.

14. Some of the consumer reports Defendant sells to employers contain information regarding a job applicant's driving history and licensing history, including the consumer's ability to maintain government issued driving privileges.

15. When a consumer reporting agency prepares a consumer report, it is required by the FCRA to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

16. As a consumer reporting agency, when it prepares a consumer report, Defendant is required to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

17. Plaintiff began driving for UBER, a rideshare company and employer of independent drivers, since 2016.

18. From 2016 until December 7, 2020, Plaintiff consistently and without interruption worked for UBER as a driver.

19. UBER conducts yearly routine background checks on its current employees.

20. As part of its routine background check on its employees, UBER requested that Defendant provide information regarding, among other things, the character and general reputation of Plaintiff.

21. On or about December 7, 2020, Defendant prepared and sold a consumer report to UBER, purportedly regarding the character and general reputation of Plaintiff.

22. The aforementioned consumer report contained public record information that indicated that Plaintiff had a suspension history on his driver's license because of "Failure to submit required information," and "no medical examiner's certificate."

23. Despite its obligations pursuant to the FCRA, Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's character and general reputation to third parties (hereinafter the "inaccurate information").

24. The inaccurate information of which Plaintiff complains is a suspension history on his driver's license for a failure to provide certain critical documentation.

25. Plaintiff has never had any license suspension or revocation, or any discipline whatsoever of any driving privileges.

26. Specifically, Plaintiff asserts that Defendant improperly reported information pertaining to Plaintiff's retirement from commercial driving.

27. Defendant's report had the effect of conveying that Plaintiff's regular driving privileges were suspended and/or revoked.

28. Plaintiff had previously been a commercial truck driver and a school bus driver. Said positions required certain documentation to be submitted and kept on file with the state of Wisconsin. However, Plaintiff retired from such driving and discontinued to maintain his licensing status as a school bus driver with the state. The state of Wisconsin record of Plaintiff's driving is that those licenses are cancelled because he has not maintained his documents and medical examiners certificate. However, there is no record that Plaintiff's driver's license was suspended, or that he had any sort of suspensions whatsoever.

29. Despite the foregoing, Defendant has disseminated consumer reports containing the aforesaid inaccurate information to various third parties, including UBER.

30. The inaccurate information negatively reflects upon Plaintiff and Plaintiff's character and general reputation.

31. The background reports have been and continue to be disseminated to various persons and potential employers, both known and unknown.

32. As of the result of the inaccurate information reported by Defendant to UBER, Plaintiff was not offered the position of employment.

33.     On December 19, 2020, Plaintiff disputed the inaccurate information with Defendant by written communication to its representatives and by following Defendant's established procedure for disputing consumer credit information.

34.     Furthermore, Plaintiff enclosed with his written dispute to Defendant documents and other information that either proved that the disputed information contained within his consumer report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

35.     Despite Plaintiff's efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of Plaintiff's dispute(s) as required by the FCRA, has failed to remove the inaccurate information, has failed to note the disputed status of the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

36.     Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff to UBER and other unknown third parties.

37.     Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Loss of employment opportunity;

   b. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

38.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

39.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to Plaintiff for engaging in the following conduct:

a. willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

b. willfully and negligently failing to provide, concurrent with the furnishing of a consumer report regarding Plaintiff to a prospective employer that contained public record information that was likely to have an adverse effect on Plaintiff's ability to obtain employment, notice to the consumer Plaintiff of the fact that public record information was being reported about Plaintiff, and failing to provide notice to Plaintiff of the name and address of the person to whom such information was being reported in violation of 15 U.S.C. §1681k(a)(1).

c. willfully and negligently failing to maintain procedures designed to ensure that the reporting of public record information, which was likely to have an adverse effect on a Plaintiff's ability to obtain employment, was current and complete, in violation of 15 U.S.C. §1681k(a)(2).

d. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

e. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

f. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

g. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

40. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## V.   JURY DEMAND

41. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, EDWARD COLOSKY, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.  All actual compensatory damages suffered;

b.  Statutory damages of $1,000.00;

c.  Punitive damages;

d.  Plaintiff's attorneys' fees and costs; and,

e.  Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,<br>
**EDWARD COLOSKY**

By:   s/ David M. Marco<br>
Attorney for Plaintiff

Dated: September 13, 2021

David M. Marco<br>
IL Bar No. 6273315/FL Bar No. 125266<br>
SMITHMARCO, P.C.<br>
55 W. Monroe Street, Suite 1200<br>
Chicago, IL 60603<br>
Telephone:     (312) 546-6539<br>
Facsimile:      (888) 418-1277<br>
E-Mail:            dmarco@smithmarco.com